**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

EMILY E.,[1]

                Plaintiff,

    v.                                        **DECISION AND ORDER**
                                                              20-CV-1213

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

      Plaintiff Emily E. ("Plaintiff") brings this action seeking review of the Commissioner of Social Security's final decision that denied her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA") and Supplemental Security Income ("SSI") under Title XVI of the SSA.  The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  The parties have filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. 14, 16.  Plaintiff also filed a response brief.  Dkt. 17.

      The Court assumes the parties' familiarity with the administrative record, the parties' arguments, and the standard of review, to which the Court refers only as necessary.  *See Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998) (summarizing the standard of review and the five-step sequential evaluation process that Administrative

---

[1] To protect the personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial, in accordance with this Court's Standing Order issued November 18, 2020.

1

Law Judges ["ALJs"] are required to use in making disability determinations); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (same).  Upon consideration of the record, and for the reasons set forth below, the Court grants Plaintiff's motion in part[2] and denies the Commissioner's cross-motion.  The decision of the Commissioner is vacated and the matter is remanded for further administrative proceedings consistent with this Decision and Order.

## **PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on September 9, 2017, alleging disability beginning on January 28, 2017.  Tr. 221-29.[3]  Plaintiff identified the following conditions as limiting her ability to work: (1) manic depression, (2) Chiari malformation, and (3) anxiety.  Tr. 251.  Her application for DIB was initially denied on October 10, 2017.  Tr. 149-54.  Her application for SSI was initially denied on December 20, 2017.[4]  Tr. 158-69.

Plaintiff requested an administrative hearing on October 30, 2017.  Tr. 157.  On July 3, 2019, Plaintiff appeared with her attorney and testified at a hearing; a Vocational Expert ("VE") testified by phone.  Tr. 32-83.  On August 1, 2019, the ALJ issued an unfavorable decision finding Plaintiff was not disabled within the meaning of the SSA.  Tr. 12-30.

---

[2] Although fashioned as a motion for judgment on the pleadings, the argument section of Plaintiff's brief acknowledges that remand is the appropriate relief.  This Court agrees.

[3] "Tr. __" refers to pages of the administrative transcript, specifically the pagination located at the bottom, right-hand corner of the transcript.

[4] The ALJ's decision incorrectly states that both applications were denied on October 10, 2017.  Tr. 15.

The ALJ determined that Plaintiff had severe impairments of (1) manic depression, (2) generalized anxiety disorder, and (3) Chiari malformation, and noted a non-severe impairment of obesity.  Tr. 18.  After concluding that Plaintiff's impairments did not meet or medically equal the criteria of an impairment listed in 29 CFR Part 494, Subpart P, Appendix 1, she determined Plaintiff's Residual Functional Capacity ("RFC") to be at the sedentary level,[5] with additional limitations.  Specifically, the ALJ found that Plaintiff could not work at unprotected heights or around heavy moving mechanical parts; she was limited to simple, routine, and repetitive tasks; and she could have only occasional interaction with supervisors, co-workers, and the public.[6]  Tr. 20.

On August 9, 2019, Plaintiff requested review by the Appeals Council.  Tr. 218-20.  On July 14, 2020, her request for review was denied by the Appeals Council.  Tr. 1-6.  The ALJ's decision thus became the Commissioner's final decision.  *See* 20 C.F.R. §§ 404.981, 416.1481.

## DISCUSSION

1. **Standard of Review**

The Court reviews the record to determine only whether the Commissioner applied the correct legal standards and whether substantial evidence supports the

---

[5] Sedentary work is defined by agency regulations as follows: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

[6] The Commissioner's brief incorrectly asserts the ALJ found Plaintiff was capable of performing her past relevant work as a fast food manager.  Dkt. 16.  However, such work is not classified as sedentary.  Moreover, it appears obvious to the Court that such work would not accommodate the interpersonal interaction limitations that the ALJ devised.

3

Commissioner's final decision. 42 U.S.C. § 405(g). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012), quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

2. **Development of the Record**

Plaintiff contends that the correct legal standards were not applied by the ALJ. Specifically, Plaintiff argues that because her medical providers' treatment records do not contain function-by-function assessments, and because the ALJ rejected all four assessments of the state agency review physicians, there was nothing but treatment notes and raw medical evidence from which to construct the RFC. "Whether the ALJ met the duty to develop the record is a threshold question before determination of whether the ALJ's conclusions are supported by substantial evidence[.]" *Miller v. Comm'r*, 18-CV-450, 2019 WL 3780085, 2019 U.S. Dist. LEXIS 135623, *10 (W.D.N.Y. Aug. 12, 2019) (citations omitted).

Regardless of whether a claimant is represented by counsel, in the Second Circuit the well-established rule is that ALJs must "affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). While the Commissioner is empowered to make RFC determinations, "[w]here the medical findings in the record merely diagnose claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the Commissioner generally "may not make the connection himself." *Wilson v. Colvin*, 13-CV-6286, 2015 WL 1003933, *21, 2015 U.S. Dist. LEXIS 27804 (W.D.N.Y. Mar. 6, 2015) (citation omitted).

Moreover, courts in the Second Circuit "have repeatedly held that an ALJ has a heightened duty to develop the record when a claimant is alleging mental illness." *Freeman v. Comm'r of Soc. Sec.*, 19-CV-68, 2020 WL 3819087, 2020 U.S. Dist. LEXIS 119874, *11-12 (W.D.N.Y. July 8, 2020) (collecting cases); see *Kham v. Comm'r of Soc. Sec.*, 18-CV-790, 2020 WL 947926, 2020 U.S. Dist. LEXIS 33825, *9 (W.D.N.Y. Feb. 27, 2020) ("Due to the difficulty in determining whether individuals suffering from mental illness will be able to adapt to the demands or stress of the workplace, the duty to develop the record is particularly important where mental illness is present.").

The ALJ correctly noted that there are no opinions from any treating physicians in the record. The record does contain four medical opinions/prior administrative medical findings, two pertaining to physical impairments and two pertaining to mental impairments; however, the ALJ rejected each of these opinions, finding them to be either "less persuasive" or "not persuasive." Tr. 23-24.

First, the ALJ rejected the opinion of State Agency review physician Dr. Bauer as less persuasive. Dr. Bauer's assessment noted that Plaintiff reported three to five headaches per week, but an unspecified "source" did not respond to a request for clarification to "confirm frequency/level of limitations." Tr. 144. Ultimately, Dr. Bauer classified Plaintiff's physical impairments of Chiari Malformation and migraines/headaches as non-severe.

The ALJ determined that Plaintiff's Chiari malformation was a severe impairment but did not categorize her migraines/headaches as either severe or non-severe at step 2. As such, it appears that the ALJ classified Plaintiff's headaches as a symptom,

5

rather than an impairment.  Regardless, it is unclear to this Court why the ALJ found Dr. Bauer's opinion to be worthy of any weight, however slight.

Second, the ALJ rejected the opinion of State Agency review consultant T. Inman-Dundon, Ph.D. as less persuasive.  The assessment noted that an unspecified "source" did not respond to a request for records.  Tr. 145.  After stating that the file did not contain a psychiatric diagnosis or reference any symptoms, other than side effects from psychiatric medications, the assessment concluded that Plaintiff had no medically determinable impairment.

As previously indicated, the ALJ determined at step 2 that Plaintiff's manic depression, more commonly referred to today as bipolar disorder, and generalized anxiety disorder were severe impairments.  Despite its best efforts, the Court has found nothing in the ALJ's decision to explain why this medical opinion was granted even limited weight.

Third, the ALJ rejected the opinion of State Agency review physician Dr. Poss as not persuasive.  Dr. Poss's assessment specifically stated that no medical evidence was received for review from the relevant time period, and concluded that Plaintiff had no medically determinable impairment.  Tr. 137.

Fourth and finally, the ALJ rejected the opinion of State Agency review physician Dr. Tzetzo as not persuasive.  Dr. Tzetzo's assessment also indicated that no medical evidence was received for review, and concluded that Plaintiff had no medically determinable impairment, despite noting that she had been on medication for depression/anxiety.  Tr. 137.

After rejecting the only medical opinions in the record, the ALJ chose not to request medical source statements or other medical opinions setting forth Plaintiff's functional limitations. The ALJ also opted not to send Plaintiff for consultative examinations. And although an ALJ may support their RFC determination based on the contemporaneous treatment notes of a medical provider, those notes must provide information relevant to a claimant's ability to perform sustained gainful employment. *See Monroe v. Commr. of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017). Here, the ALJ failed to support her RFC determination with references to such evidence in the treatment records.

The ALJ's rejection of each of the medical opinions created a gap in the record as to both Plaintiff's physical and psychological impairments. Without reliance on a medical source statement, consultative examination, or other medical analysis of Plaintiff's functional limitations, the ALJ necessarily relied on her own lay opinion to determine Plaintiff's RFC, which constitutes an error requiring remand. *See Judd v. Berryhill*, 17-CV-1188, 2018 WL 6321391, *7, 2018 U.S. Dist. LEXIS 205177 (W.D.N.Y. Dec. 4, 2018).

Because the ALJ failed to meet her affirmative duty to develop the record, remand is warranted for this purpose. The ALJ is directed to obtain medical records regarding Plaintiff's psychological and physical limitations during the pertinent time period, and/or independent functional capacity examinations. On remand, the ALJ should consider at step 2 whether Plaintiff's cervical disc issues should be classified as a severe impairment. In developing Plaintiff's RFC, the ALJ should also expressly

consider Plaintiff's symptoms of photophobia, limited cervical range of motion, upper extremity numbness, and bilateral hand tremors.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for judgment on the pleadings (Dkt. 14) is GRANTED in part, insofar as remand was requested, the Commissioner's cross-motion for similar relief and motion in opposition (Dkt. 16) is DENIED, and the Commissioner's final decision is VACATED and the case is REMANDED for further administrative proceedings consistent with this Decision and Order.  The Clerk of the Court shall take all steps necessary to enter judgment and close the case.

**IT IS SO ORDERED.**

_s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  March 21, 2023
        Buffalo, New York